# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LEONAL VELA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 08-10-MJR** |
| ) | |
| **A. SHERROD,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate in the Federal Correctional Institution located in Greenville, Illinois, brings this *Bivens* action for alleged denial of medical care in violation of his constitutional rights. Plaintiff also proceeds under the Federal Tort Claims Act (FTCA) for alleged negligent medical treatment.

This action was initially filed in the United States District Court for the Central District of Illinois. The Honorable Harold A. Baker, United States District Judge for the Central District of Illinois, granted Plaintiff's motion to proceed *in forma pauperis*. Judge Baker also found that the complaint stated a claim for relief for deliberate indifference to Plaintiff's serious medical needs and for negligence under the FTCA. Later, Judge Baker realized that Plaintiff and all Defendants are located in the Southern District of Illinois. Therefore, Judge Baker transferred the case to this Court.

### DISPOSITION

Upon review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, this Court - with the exceptions noted below - agrees with Judge Baker that Plaintiff's *Bivens* and FTCA survive threshold review. The first exception is that Defendants "Bureau of Prisons" and "United

States BOP's Health Services Unit" are not amenable to suit in a *Bivens* action. *See FDIC v. Meyer*, 510 U.S. 471, 483-486 (1994). The second exception is that, with respect to Plaintiff's FTCA claims, the United States of America is the proper defendant, not the "Bureau of Prisons" or the "United States BOP's Health Services Unit." *See* 28 U.S.C. § 2679(b).

Accordingly, Plaintiff's *Bivens* claims against Defendants "Bureau of Prisons" and "United States BOP's Health Services Unit" are **DISMISSED** with prejudice. Furthermore, the United States of America is **SUBSTITUTED** as Defendant in lieu of both the "Bureau of Prisons" and the "United States BOP's Health Services Unit with respect to Plaintiff's FTCA claims.

**IT IS ORDERED** that Plaintiff shall complete and submit a USM-285 form for Defendants **A. Sherrod, Sara M. Revell, Darlene A. Veltri, Thomas Dawdy, Jay A. Pickett, Larry Leone, Timothy Adesanya, Carrie Lopez, Harold Poole Gillian, Mrs. Hart, S. Rattan, J. Baldwin, Pete Pottios, Michael K. Nalley, Rob Mundo, Harrell Watts, and the United States of America** within **THIRTY DAYS** of the date of entry of this Order. The Clerk is **DIRECTED** to send Plaintiff seventeen USM-285 forms with Plaintiff's copy of this Order. **Plaintiff is advised that service will not be made on a Defendant until Plaintiff submits a properly completed USM-285 form for that defendant**.

The Clerk is **DIRECTED** to prepare an original summons for the following Defendants: **A. Sherrod, Sara M. Revell, Darlene A. Veltri, Thomas Dawdy, Jay A. Pickett, Larry Leone, Timothy Adesanya, Carrie Lopez, Harold Poole Gillian, Mrs. Hart, S. Rattan, J. Baldwin, Pete Pottios, Michael K. Nalley, Rob Mundo, Harrell Watts, and the United States of America**.

The United States Marshal is **DIRECTED** to serve the summons, a copy of the complaint, and a copy of this order upon the **United States of America** pursuant to Rule 4(i)(1) and Rule 4(i)(3). Specifically, the United States Marshal is **DIRECTED** to deliver the summons, a copy of

this complaint, and a copy of this order on the **UNITED STATES ATTORNEY for the SOUTHERN DISTRICT OF ILLINOIS** and to send a copy of the summons, a copy of the complaint, and a copy of this order to the **ATTORNEY GENERAL of the UNITED STATES** in Washington, D.C., by registered or certified mail.

The United States Marshal is further **DIRECTED** to serve the summons, a copy of the complaint, and a copy of this order upon Defendants **A. Sherrod, Sara M. Revell, Darlene A. Veltri, Thomas Dawdy, Jay A. Pickett, Larry Leone, Timothy Adesanya, Carrie Lopez, Harold Poole Gillian, Mrs. Hart, S. Rattan, J. Baldwin, Pete Pottios, Michael K. Nalley, Rob Mundo, and Harrell Watts** pursuant to Rule 4(i)(3) of the Federal Rules of Civil Procedure.

Plaintiff is **ORDERED** to serve upon each defendant, or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to each defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED this 14th day of January, 2008.**

<u>s/ Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**