IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LEONAL VELA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Civil No. **08-10-MJR** |
| ) | |
| **A. SHERROD, et al.,** ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**PROUD, Magistrate Judge:**

The Court of Appeals for the Seventh Circuit recently decided *Santiago v. Walls*, 599 F.3d 749 (7th Cir. Mar. 29, 2010), clarifying the standard to be applied when deciding whether to appoint counsel for an indigent litigant. Accordingly, the Court will **RECONSIDER** its prior ruling **(Doc. 84)** denying plaintiff's motion for appointment of counsel **(Doc. 80)**. At the time plaintiff filed the subject motion he was housed at FCI Greenville, but he has now been transferred to FCI Ashland, in Kentucky. **(Doc. 83).** Plaintiff explains that he has a GED, but no legal training, and the paralegal assisting him has withdrawn her assistance. Plaintiff works during the day and only has limited access to the prison law library. In addition, plaintiff suffers from Lupus.

*Santiago v. Walls* reiterated that there is no constitutional or statutory right to appointment of counsel in a civil case, although the Court may in its discretion appoint counsel to represent indigent civil litigants. ***Santiago,* 599 F.3d at 760-761;** *see also **Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992); 28 U.S.C. § 1915(d).** Nevertheless, the Court also has inherent authority to appoint counsel to ensure the orderly prosecution of litigation in

the district.  Members of the bar of this Court are obligated to accept appointments, provided an appointment is not made more than once during a twelve-month period.  **SDIL-LR  83.1(i).**  The Court must inquire whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?"  *Farmer v. Haas,* **990 F.2d 319, 322 (7th Cir. 1993)**; *Greeno v. Daley*, **414 F.3d 645, 658(7th Cir. 2005);** *Pruitt v. Mote*, **503 F.3d 647 (7th Cir. 2007).**  The Court of Appeals for the Seventh Circuit clarified in *Satiago v. Walls* that the relevant inquiry is whether, in light of the totality of the circumstances, the difficulty of the case exceeds the particular plaintiff's capacity as a layperson to coherently litigate the case– pretrial and at trial.  *Santiago,* **762-764.**

     Although plaintiff may be capable of generally presenting his case, he is not likely capable of adequately handling the medical aspects of the case, at least not as well as an attorney.  Furthermore, plaintiff's transfer from FCI Greenville to a prison outside this district no doubt will make the pretrial process more difficult.

     **IT IS THEREFORE ORDERED** that, upon reconsideration, plaintiff's motion for appointment of counsel **(Doc. 80)** is **GRANTED**.  The Clerk of Court shall have the record reflect that the Court's previous order **(Doc. 84)** is **VACATED**.

     **IT IS FURTHER ORDERED** that attorney **Don V. Kelly** of the law firm **Gallop, Johnson & Neuman, 101 South Hanley, Suite 1700, St. Louis, MO 63105**, is hereby **APPOINTED** to represent plaintiff in all further proceedings in the District Court.  Plaintiff should immediately prepare to turn over all discovery gathered to date to attorney Kelly, who will undoubtedly be making contact with plaintiff as soon as possible.  Appointed counsel shall formally enter his appearance in this action **within 30 days** of the date of this order.

**IT IS FURTHER ORDERED** that a telephone status conference is set before Judge Proud on **September 15, 2010, at 10:00 a.m.** to discuss the posture of the case with all counsel. Plaintiff's counsel shall be responsible for setting up the conference call. All attorneys should be joined in the conference call, and then the Court may be joined at **618-482-9106**.

**IT IS SO ORDERED.**

DATED:  August 6, 2010

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**
