IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEONAL VELA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08-cv-0010-MJR-CJP |
| ) | |
| A. SHERROD, SARA M. REVELL, ) | |
| DARLENE A. VELTRI, THOMAS DAWDY, ) | |
| LARRY LEONE, TIMOTHY ADESANYA, ) | |
| HAROLD POOLE GILLIAN, S. RATTAN, J. ) | |
| BALDWIN, PETE POTTIOS, MICHAEL K. ) | |
| NALLEY, and HARRELL WATTS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**REAGAN, District Judge:**

The twelve (12) remaining defendants are before the Court, pursuant to Federal Rule of Civil Procedure 12(b)(1), seeking dismissal of any and all claims lodged against them that fall outside the applicable statute of limitations period and thus deprive the Court of subject-matter jurisdiction (Doc. 96). Plaintiff has filed a memorandum in opposition, arguing that Rule 12(b)(1) is an improper procedural mechanism and, in the alternative, that the motion should be denied on the merits (Doc. 103). Defendants did not file a reply so the motion is fully brief and the Court now rules as follows.

Plaintiff Leonal Vela is in the custody of the U.S. Bureau of Prisons, housed at all relevant times at the Federal Correctional Institution in Greenville, Illinois ("FCI-Greenville"). Plaintiff brings this action for deprivations of his constitutional rights pursuant to *Bivens v. Six*

*Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).¹  More specifically, plaintiff alleges that the defendant prison officials and medical personnel were deliberately indifferent to plaintiff's serious medical condition in violation of the Eighth Amendment.  Plaintiff suffers from Lupus.

Federal Rule of Civil Procedure 12(b)(1) provides the mechanism for dismissal due to lack of subject-matter jurisdiction.  The purpose of a motion to dismiss is not to decide the merits of the case.  A Rule 12(b)(1) motion tests whether the Court has subject matter jurisdiction. *Long v. Shorebank Development Corp.,* 182 F.3d 548, 554 (7th Cir. 1999).  In reviewing a motion to dismiss, the Court takes as true all factual allegations in the plaintiff's complaint, and draws all reasonable inferences in the plaintiff's favor. *Killingsworth v. HSBC Bank Nevada,* 507 F.3d 614, 618 (7th Cir. 2007).  The plaintiff bears the burden of proving that the jurisdictional requirements have been met. *United Phosphorus, Ltd. v. Angus Chemical Co.,* 322 F.3d 942, 946 (7th Cir. 2003).

Plaintiff correctly observes that the statute of limitations is an affirmative defense that does not affect subject matter jurisdiction. *General Auto Service Station v. City of Chicago*, 526 F.3d 991, 1001 (7th Cir. 2008) (citing *Jogi v. Voges,* 480 F.3d 822, 836 (7th Cir. 2007)).  But, as plaintiff's memorandum clearly recognizes, that does not necessarily end the matter.

"Although the statute of limitations is an affirmative defense to liability and so ordinarily must be pleaded and proved by the defendant, if it is plain from the complaint that the defense is indeed a bar to the suit dismissal is proper without further pleading." *Jay E. Hayden*

---

¹ Except for a few limitations, *Bivens* is the "federal analog" to lawsuits brought against state officials under 42 U.S.C. § 1983. *Hartman v. Moore,* 547 U.S. 250, 254 n. 2 (2006).

*Foundation v. First Neighbor Bank,* 610 F.3d 382, 383-384 (7th Cir. 2010) (citations omitted).  In such a situation, the proper procedural mechanism is Rule 12(b)(6), which sweeps more broadly than Rule 12(b)(1), providing dismissal for failure to state a claim.  For reasons set forth below, the Court finds that the statute of limitations question can be fully analyzed based solely on the complaint (Doc. 1).

A two-year statute of limitations is applicable to a *Bivens* actions arising in Illinois. *Delgad-Brunet v. Clark*, 93 F.3d 339, 342 (7th Cir. 1996) (based on 735 ILCS 5/13-202).[2]  In addition, the statute of limitations is tolled while an inmate-plaintiff exhausts administrative remedies, which are a precondition to suit, required by 42 U.S.C. §1997e(a). *Klebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008); *Johnson v. Rivera*, 272 F.3d 519, 521-522 (7th Cir. 2001).  Based on documentation attached to the complaint and relied upon in plaintiff's memorandum, the administrative grievance process, which must be exhausted prior to filing suit, was commenced on November 14, 2005, and completed with notice to plaintiff on June 27, 2006 (Doc. 1-1, p. 9-10; Doc. 1-2, pp. 1-2, 4; and Doc. 1-4, p. 11).  Defendants calculate that exhaustion of administrative remedies took 149 days.  Plaintiff correctly calculates that the process took 224 days.  Defendants did not reply to plaintiff's memorandum, so the Court is left to assume that the defendants' figure is attributable to a mathematical error.  In any event, the limitations period is two years and 224 days.

The complaint was filed October 4, 2007, while plaintiff was still housed at FCI-Greenville. (*See* Doc. 1, pp. 1 and 17.)  Looking backward from the date of filing, it would appear

---

[2]The statute of limitations is supplied by state law, but the point of accrual is determined based on federal law.  *Heard v. Sheahan,* 253 F.3d 316, 317 (7th Cir. 2001).

that any claim that arose before May 20, 2004, would be barred by the statute of limitations.  In general, a federal claim accrues for statute of limitations purposes when the plaintiff knew or had reason to know of the injury that forms the basis of his action. *Hondo, Inc. v. Sterling*, 21 F.3d 775, 778 (7th Cir.1994).  However, deliberate indifference to a serious medical condition can be deemed a "continuing violation" that accrues when the plaintiff has notice of the untreated condition and ends only when treatment is provided or the inmate is released. *See Heard v. Sheahan,* 253 F.3d 316, 318-319 (7th Cir. 2001).

In *Heard*, the Court of Appeals for the Seventh Circuit cited *Page v. U.S.*, 729 F.2d 818 (D.C. Cir. 1984), as an example of a continuing violation, where the injuries about which the plaintiff was complaining were "the consequence of a numerous and continuing series of events." 253 F.3d at 319.  In *Page,* the plaintiff took issue with an eight-year-long course of treatment he received through the Veterans Administration.  The appellate court explained:

> It is well-settled that "[w]hen a tort involves continuing injury, the cause of action accrues, and the limitation period begins to run, at the time the tortious conduct ceases." Since usually no single incident in a continuous chain of tortious activity can "fairly or realistically be identified as the cause of significant harm," it seems proper to regard the cumulative effect of the conduct as actionable. Moreover, since "one should not be allowed to acquire a right to continue the tortious conduct," it follows logically that statutes of limitation should not run prior to its cessation.

*Page*, 729 F.2d at 821-822 (footnotes and citations omitted).  The statute of limitations begins to run anew each day that the plaintiff's condition was not properly treated.  *Heard v. Sheahan*, 253 F.3d 316, 319-320 (7th Cir. 2001).  Under the "continuing violation" doctrine, a plaintiff is permitted to "reach back" to the beginning of an allegedly unlawful course of conduct "even if that beginning lies outside the statutory limitations period." *Heard,* 253 F.3d at 319.

4

Here, the complaint alleges that plaintiff was "continually being subjected to the Health Service Units [sic]... 'cruel and unusual punishment,'" and "[f]or the past 5 years he has told everyone in the HSU which includes all Medical Doctor's [sic], Physician [sic] Assistant's [sic] and Nurses in all of his Administrative Remedies..." (Doc. 1, pp. 2 and 4). The complaint goes on to allege specific acts by individual defendants, as well as acts attributed to all defendants or groups of defendants, such as "professional staff." Therefore, the continuing—more aptly phrased "cumulative"—violation doctrine applies. Accordingly, the accrual date runs through the date of filing and plaintiff is permitted to "reach back" beyond the two year and 224 day period; that is, beyond May 20, 2004. Insofar as plaintiff alleges a continuing violation over a five year period, in theory, he can reach back to October 3, 2002.[3]

In light of the foregoing, the statute of limitations does not bar Plaintiff Leonal Vela's claims, and defendants' motion to dismiss (Doc. 96) is **DENIED**.

**IT IS SO ORDERED.**

**DATED December 17, 2010**

/s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**United States District Judge**

---

[3] The exhaustion requirement, the specific allegations in the complaint and the evidence may ultimately shorten the relevant time period, but that issue was not raised in the defendants' motion.