IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEONAL VELA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08–cv–10–MJR |
| ) | |
| THOMAS DAWDY, LARRY LEONE, ) | |
| TIMOTHY ADESANYA, HAROLD ) | |
| POOLE GILLIAN, and S. RATTAN, ) | |
| ) | |
| Defendant. ) | |

# ORDER

**REAGAN, District Judge:**

Before the Court is pro se Plaintiff Leonel Vela's motion for reconsideration of the Court's Order dated March 8, 2011, granting Defendants summary judgment and closing Vela's *Bivens* action[1] regarding alleged deliberate indifference in the treatment of his Lupus (Doc. 147). Vela explains that, from February 17 to May 13, 2011, he was away from the Federal Correctional Institution in Ashland, Kentucky, his address of record with the Court, and he had no way of notifying the Court, or of responding to the motion for summary judgment– "no access to his legal mail or to a legal library."

Technically, a "motion to reconsider" does not exist under the Federal Rules of Civil Procedure. But such motions are routinely filed, and they generally are treated as motions to alter or amend judgment under Rule 59(e) *or* motions for relief from judgment/order under Rule 60(b).

---

[1] Pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), federal inmates, like Vela, may bring suit for deprivations of their constitutional rights .

*See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994).

Different standards and time-tables govern Rule 59(e) and Rule 60(b) motions. So, for instance, Rule 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or presents newly discovered evidence that was not previously available. *See Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007). By contrast, Rule 60(b) permits a court to relieve a party from an order or judgment based on these reasons, *inter alia*: mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the deadline for a Rule 59(b) motion.

In *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006), the Court of Appeals declared that district courts should analyze post-judgment motions based on their *substance* as opposed to the date on which the motion was filed. The Seventh Circuit reiterated this in *Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008): "whether a motion … should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it." Therefore, this Court assesses motions to reconsider (especially those drafted by pro se litigants) based on their substance – i.e., the reasons for relief articulated by the movant -- as opposed to the title the movant chose for the motion or merely the date on which he filed the motion.[2]

Plaintiff Vela's motion was filed more than 28 days after judgment was entered.

---

[2] Only motions filed within the 28-day deadline set forth in Rule 59(e) toll the time for filing an appeal. Motions filed after the 28-day period do not suspend the finality of any judgment. *See York Group, Inc. v. Wuxi Taihu Tractor Co., Ltd.*, 632 F.3d 399, 401 (7th Cir. 2011).

Because Rule 59(e) is only applicable to motions filed no later than 28 days after the entry of judgment, Rule 60(b) is the proper procedural mechanism.  A motion under Rule 60(b)(1) alleging mistake, inadvertence, surprise or excusable neglect, may be filed within one year after the entry of judgment.  FED. R. CIV. P. 60(c)(1).

The reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal.  *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. U.S.*, 327 F.2d 431, 433 (7th Cir. 1964), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b)").

The Court construes Vela's stated reason for failing to notify the Court of his change of address and his failure to file a response to Defendants' motion for summary judgment as an assertion of "excusable neglect."  The United States Supreme Court has recognized that Rule 60(b) is aimed at negligent or unintended action or inaction, as opposed to calculated, deliberate choices. *See Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 393-394 (1993).  Factors relevant to whether neglect is "excusable" include: "the danger of prejudice, the length of the delay and its potential impact on judicial proceedings, the reasons for delay, including whether it was within reasonable control of the movant, and whether the movant acted in good faith." *Id*. at 395.

The Court's decision to grant Defendants summary judgment did take into account that Vela had not filed a response:

> Due to the time constraints associated with this case, Plaintiff was given until February 14, 2011, to file a response to the motion for summary judgment. Plaintiff was warned that no further extensions of time could be given, as trial had already been moved back to March 28, 2011. Plaintiff failed to file a responsive pleading. A failure to respond can be deemed an admission of the merits of a motion. SOUTHERN DISTRICT OF ILLINOIS LOCAL RULE 7.1(c). Thus, as Plaintiff has failed to file a Response to Defendants' motion, the Court deems Plaintiff's silence to be an admission of the material facts and the merits of Defendants' motion. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

Doc. 141, p. 2. The Court analyzed the merits of Defendants' motion based on the evidence in the record, concluding:

> Plaintiff has failed to point to any facts which show that Defendants were deliberately indifferent in treating his SLE. The facts in the record before the Court do not show deliberate indifference, but instead show that Plaintiff received considerable medical care and attention from the medical staff at FCI-Greenville– a fact which Plaintiff has simply failed to refute. *See Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (upholding summary judgment in favor of Defendants when evidence showed that Plaintiff had received a considerable amount of care by the medical staff). The chosen course of treatment was further approved by an outside Rheumatologist, showing that the course of treatment chosen by the medical staff was appropriate for Plaintiff. Therefore, the Court FINDS that Defendants were not deliberately indifferent . . . .

Doc. 141, pp. 7-8.

Vela does not dispute that he was aware of the motion for summary judgment and that his response was due February 14, 2011. *See* Notice and Order dated January 24, 2011 (setting response deadline). Vela was moved from FCI- Ashland on February 17, 2011, *after* the response deadline had passed. Furthermore, even assuming that Vela did not have access to mail or a law library his return to FCI-Ashland on May 13, 2011, he did not correspond with the Court again until

August 8, 2011, when he notified the Court that his address of record should be changed to MCFP-Springfield, Missouri (Doc. 145). That three month delay is unreasonable and unexplained. Vela has failed to show that his failure to file a timely response to Defendants' motion for summary judgment was due to "excusable neglect."

**IT IS THEREFORE ORDERED** that, for the reasons stated, Plaintiff Vela's motion for reconsideration of the Order granting Defendants' motion for summary judgment and closing the case (Doc. 147) is **DENIED**. Judgment in favor of Defendants stands.

**IT IS SO ORDERED.**

DATED: September 2, 2011

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**
