IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEONAL VELA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No.   08–cv–10–MJR |
| | ) |
| THOMAS DAWDY, LARRY LEONE, | ) |
| TIMOTHY ADESANYA, HAROLD | ) |
| POOLE GILLIAN, and S. RATTAN, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**REAGAN, District Judge:**

Before the Court is pro se Plaintiff Leonel Vela's second motion pursuant to Federal Rule of Civil Procedure 60(b), seeking reconsideration[1] of the Court's Order dated March 8, 2011, granting Defendants summary judgment and closing Vela's *Bivens* action[2] regarding alleged deliberate indifference in the treatment of his Lupus (Doc. 147).   Vela explains that, from February 17 to May 13, 2011, he was away from the Federal Correctional Institution in Ashland, Kentucky, his address of record with the Court, and he had no way of notifying the Court, or of responding to the motion for summary judgment.   Vela characterizes his illness and his movement within the Bureau of Prisons as "excusable neglect."

---

[1] Technically, a "motion to reconsider" does not exist under the Federal Rules of Civil Procedure. But such motions are routinely filed, and they generally are treated as motions to alter or amend judgment under Rule 59(e) *or* motions for relief from judgment/order under Rule 60(b).   *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994).

[2] Pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), federal inmates, like Vela, may bring suit for deprivations of their constitutional rights.

The present motion is duplicative of Vela's August 22, 2011, motion for reconsideration—all the same reasons are cited and characterized as "excusable neglect." By Order dated September 2, 2011, the Court denied the first motion for reconsideration. Vela does not mention or take issue with the Court's September 2, 2012, Order. Therefore, Vela's second motion for reconsideration shall be denied as duplicative.

> The Court further notes:
>
> A timely post-judgment motion in the district court suspends the judgment's finality and thus defers the time for appeal until the district judge has acted on the motion. Fed. R.App. P. 4(a)(4). But Rule 4(a) refers to a *single* post-judgment motion. A second or successive post-judgment motion does not affect the time for appeal. See, e.g., *Andrews v. E.I. Du Pont De Nemours & Co.,* 447 F.3d 510, 515–16 (7th Cir. 2006); *SEC v. Van Waeyenberghe,* 284 F.3d 812, 814 (7th Cir. 2002); *Charles v. Daley,* 799 F.2d 343, 347 (7th Cir. 1986).

*York Group, Inc. v. Wuxi Taihu Tractor Co., Ltd.,* 632 F.3d 399, 401 (7th Cir. 2011).

**IT IS THEREFORE ORDERED** that Plaintiff Vela's second Rule 60(b) motion for reconsideration of the Order granting Defendants' motion for summary judgment and closing the case (Doc. 149) is **DENIED as duplicative**. Judgment in favor of Defendants stands.

**IT IS SO ORDERED.**

**DATED: September 27, 2012**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**